PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


SCOTT BRUNDAGE,                         )
                                        )    CASE NO.  5:22CV2086
        Petitioner,                     )
                                        )    JUDGE BENITA Y. PEARSON
        v.                              )
                                        )
JAMES CRAIG,[1] Warden,                 )    **MEMORANDUM OF OPINION**
                                        )    **AND ORDER**
        Respondent.                     )    [Resolving ECF No. 19]


        *Pro Se* Petitioner Scott Brundage, an Ohio prisoner at the NCCC, filed a Petition for a

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging 11 grounds for relief

which challenge the constitutional sufficiency of his convictions in Summit County, Ohio Court

of Common Pleas ("Summit County Common Pleas") Case No. CR-2017-07-2629.  The case

was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation pursuant to

28 U.S.C. § 636 and Local Rule 72.2(b)(2).  The magistrate judge subsequently issued a Report

and Recommendation (ECF No. 16).  In his Report, the magistrate judge recommends that the

Court deny the petition because all 11 grounds for relief are procedurally defaulted and Petitioner

has established neither cause and prejudice for the default nor his actual innocence.  Petitioner

---

        [1] Warden Tom Watson was the original respondent.  He was sued in an official
capacity as a public officer.  According to the Ohio Department of Rehabilitation and
Correction website (http://www.drc.ohio.gov/cci (last visited March 13, 2026)), James
Craig is the Warden at the North Central Correctional Complex ("NCCC").  Pursuant to
Fed. R. Civ. P. 25(d), Craig's name has been automatically substituted as a party.

(5:22CV2086)

filed timely Objections to the magistrate judge's Report (ECF No. 18).  Also pending is

Petitioner's Motion for Leave/Authorization to File and Amend Habeas Petition to Add New

Claim (ECF No. 19).  The Court, after reviewing the Objections, hereby adopts the Report and

dismisses the Petition.  Furthermore, the Court denies ECF No. 19.

## I.  Facts

On direct appeal, the Ninth District Court of Appeals of Ohio ("Ninth District") described

the factual background of Petitioner's plea, convictions, and sentencing as follows:

> {¶ 2} Mr. Brundage pleaded guilty to rape and multiple counts of gross sexual
> imposition.  Within days of the plea hearing, and before the trial court sentenced
> him, Mr. Brundage sent a letter to the trial court indicating that he wished to
> withdraw his plea.  In that letter, Mr. Brundage wrote that his attorneys pressured
> him into accepting the plea and made representations about his potential sentence
> that proved to be untrue.  The trial court permitted his attorneys to withdraw,
> appointed new counsel, and held a hearing on the motion.  Following that hearing,
> the trial court denied the motion.  Mr. Brundage was sentenced to prison terms
> totaling twenty-four years, and he filed this appeal.

*State v. Brundage*, No. 29477, 2020 WL 927528, at *1 (Ohio App. 9th Dist. Feb. 26, 2020); State

Court Record Ex. 15 (ECF No. 10-1) at PageID #: 302.  Although Petitioner raised Ground One

of his federal habeas petition at the Ninth District through his direct appeal, *see Brundage*, 2020

WL 927528, at *1-3; ECF No. 10-1 at PageID #: 303-306, he failed to timely appeal the denial of

that claim to the Supreme Court of Ohio.

On October 6, 2020, Petitioner filed a *Pro Se* Application for Reopening pursuant to Ohio

R. App. P. 26(B) and an Affidavit supporting his Application in the Ninth District.  State Court

Record Exs. 16 and 17 (ECF No. 10-1 at PageID #: 313-54).  On February 18, 2021, Petitioner

filed a second *Pro Se* Application for Reopening in the Ninth District.  State Court Record Ex. 21

(5:22CV2086)

(ECF No. 10-1 at PageID #: 377-418).  Both applications alleged claims of ineffective assistance

of appellate counsel.  The first application was denied.  State Court Record Ex. 20 (ECF No. 10-

1 at PageID #: 373-75).  The second application was also denied.  State Court Record Ex. 23

(ECF No. 10-1 at PageID #: 427).  Petitioner also did not appeal to the Supreme Court of Ohio

from either of these decisions.

On July 20, 2021, Petitioner filed a *Pro Se* Petition for a Writ of Habeas Corpus pursuant

to Ohio Rev. Code Chap. 2725 in Marion County, Ohio Court of Common Pleas ("Marion

County Common Pleas") Case No. 2021 CV 0205.  State Court Record Ex. 26 (ECF No. 14-1 at

PageID #: 603-79).  On November 8, 2021, Marion County Common Pleas denied the petition.

State Court Record Ex. 31 (ECF No. 14-1 at PageID #: 709-15).  The state trial court held

"[h]abeas [c]orpus is not appropriate to argue issues that were or could have been raised on direct

appeal."  ECF No. 14-1 at PageID #: 710 (brackets added).  Petitioner appealed to the Third

District Court of Appeals of Ohio ("Third District").  On May 31, 2022, the Third District

affirmed.  State Court Record Ex. 36 (ECF No. 14-1 at PageID #: 789-94).  On September 13,

2022 the Supreme Court of Ohio declined to accept jurisdiction of the appeal.  *Brundage v.*

*Craig*, 167 Ohio St.3d 1512 (2022); State Court Record Ex. 45 (ECF No. 14-1 at PageID #: 836).

3

(5:22CV2086)

On November 9, 2022,[2] Petitioner filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).

## II.  Standard of Review for a Report and Recommendation

When objections have been made to the Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).

A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Report and Recommendation to which Petitioner has properly objected.

## III.  Law & Analysis

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings:

---

[2]  Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his petition on November 9, 2022.  ECF No. 1 at PageID #: 128; *see Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

4

(5:22CV2086)

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001).  The task of the Court is not to determine whether the decisions of the District Courts of Appeals of Ohio were right or wrong.  Instead, under the AEDPA, the Court must decide whether the state appellate courts' adjudication of Petitioner's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  As the United States Supreme Court has explained:

>an *unreasonable* application of federal law is different from an *incorrect* application of federal law.  Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must be objectively unreasonable.  This distinction creates a substantially higher threshold for obtaining relief than *de novo* review.  AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, 559 U.S. 766, 773(2010) (internal citations and quotations omitted) (emphasis in original).

### A.  ECF No. 19

In ECF No. 19, filed on October 6, 2025, Petitioner seeks to add a twelfth claim as follows:

>Ground twelve:  The Trial court did not have the discretion to dismiss [petitioner's] Rule 32.1 motion, and violated his Due Process in doing so.

5

(5:22CV2086)

ECF No. 19 at PageID #: 951 (brackets added).  The mandate of Fed. R. Civ. P. 15, that a court

freely grant leave to amend when justice so requires, has been interpreted to allow

supplementation and clarification of claims initially raised in a timely § 2254 petition.  *See*

28 U.S.C. § 2242 (explaining that an application for a writ of habeas corpus "may be amended or

supplemented as provided in the rules of procedure applicable to civil actions"); *Rose v. May,*

*No. 1:24CV1037, 2025 WL 2819360, at \*2 (N.D. Ohio Oct. 3, 2025)*, *report and*

*recommendation adopted*, No. 1:24CV1037, 2025 WL 2977723 (N.D. Ohio Oct. 22, 2025).

"When amendment is sought at a late stage in the litigation, there is an increased burden to show

justification for failing to move earlier.  *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 (6th Cir.

2001) (citation omitted).

On July 31, 2024, Petitioner filed a successive motion to withdraw his guilty plea in Case

No. CR-2017-07-2629.[3]  On November 13, 2024, the Summit County Common Pleas denied the

motion.  Petitioner filed a notice of appeal.  The Ninth District overruled Petitioner's 10

assignments of error and affirmed the trial court's judgment.  *State v. Brundage*, No. 31304, 2025

WL 1794187 (Ohio App. 9th Dist. June 30, 2025).  Petitioner's appeal of the decision was not

accepted for review by the Supreme Court of Ohio on September 16, 2025.  *State v. Brundage,*

179 Ohio St.3d 1484 (2025).

---

[3]  A court may take judicial notice of facts contained in state court documents, including a state court docket sheet.  *See Great Am. Ins. Co. v. GeoStar Corp.*, No. 09-12488-BC, 2010 WL 845953, at \*19 (E.D. Mich. March 5, 2010) (citing Fed. R. Evid. 201(b)(2)).

6

(5:22CV2086)

The Ninth District has ruled on the merits holding that Petitioner's July 2024 post-sentence motion to withdraw his guilty plea fails under state law. *Brundage*, 2025 WL 1794187, at *2-4. Lacking the showing of some constitutional violation, this Court cannot examine a state court's decision interpreting state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Woodburn v. Morrison*, No. 22-2084, 2024 WL 51317, at *5 (6th Cir. Jan. 4, 2024) ("As a federal habeas court, we cannot question a state court's application of state law."). Accordingly, ECF No. 19 is denied.

### B. Petitioner's Objections (ECF No. 18)

A claim may be procedurally defaulted when the petitioner "fail[s] to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.' " *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). That is because this Court cannot consider issues on federal habeas review that were not fairly presented at every level of the Ohio state courts. *See Baston v. Bagley*, 282 F. Supp.2d 655, 661 (N.D. Ohio 2003). A federal claim for relief is only "fairly presented" if it was presented to the state court under the same constitutional theory as the later federal claim, including the same legal and factual basis. *See Williams*, 460 F.3d at 806. "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.* When a petitioner's claims are procedurally defaulted, federal habeas review is barred unless the petitioner can demonstrate cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The magistrate judge found that Petitioner has not shown cause and prejudice to excuse the default and his state habeas corpus action filed in

(5:22CV2086)

Marion County Common Pleas does not save his claims from procedural default.  *See* ECF No. 16 at PageID #: 923-24.  In his Objections (ECF No. 18), Petitioner does not identify any cause for why he did not seek direct review from the Supreme Court of Ohio on his direct appeal or his applications for reopening, instead arguing only that he did not commit any procedural default at all.  Reasonable jurists would not debate the determination that Petitioner failed to show cause excusing the procedural default.

The Court finds that Grounds One through Eight and Ground Ten each could have been raised on direct appeal but were not, and so they are procedurally defaulted.  *See* ECF No. 16 at PageID #: 922; *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *State v. Lentz*, 70 Ohio St.3d 527, 528 (1994)).  For that matter, Petitioner also agrees that Grounds One through Eight and Ground Ten each could have been raised on direct appeal.  *See* ECF No. 18 at PageID #: 937.

Petitioner argues in his Objections that he received constitutionally ineffective assistance of appellate counsel.  *See* ECF No. 18 at PageID #: 937-38.  Ohio law requires that a claim of ineffective assistance of appellate counsel be raised in an application to reopen the direct appeal, not in the direct appeal itself.  *See* Ohio App. R. 26(B)(1); *State v. Murnahan*, 63 Ohio St.3d 60 (1992).  The Court also concurs that Ground Nine, which alleges ineffective assistance of appellate counsel, is procedurally defaulted because Petitioner did not appeal to the Supreme Court of Ohio from either decision of the Ninth District denying his Applications for Reopening.  *See* ECF No. 16 at PageID #: 922-23; *see Flenner v. Forshey*, No. 4:23CV2292, 2024 WL

8

(5:22CV2086)

4956681, at *18 (N.D. Ohio Dec. 3, 2024) (citing *O'Sullivan*, 526 U.S. at 845), *report and recommendation adopted*, No. 4:23CV2292, 2025 WL 904742 (N.D. Ohio March 25, 2025).

Petitioner contends in his Objections (ECF No. 18), as he did in his Traverse (ECF No. 12), that he did present his claims to the Supreme Court of Ohio via his state habeas corpus action filed in Marion County Common Pleas.  As acknowledged by the magistrate judge, *see* ECF No. 16 at PageID #: 923-24, a federal habeas petitioner has procedurally defaulted his claims by raising them for the first time in an Ohio habeas action, instead of during a direct appeal.  *See Jury v. Scott*, No. 3:17CV0304, 2017 WL 11707594, at *13 (N.D. Ohio Oct. 13, 2017), *report and recommendation adopted*, No. 3:17CV0304, 2019 WL 1409376 (N.D. Ohio March 28, 2019) (citing *McDougald v. Warden, Lebanon Corr. Inst.*, No. 1:11-cv-790, 2012 WL 4506392, at *8 (S.D. Ohio Oct. 1, 2012) (the petitioner's claim challenging his charging indictment was procedurally defaulted; the petitioner raised the claim in a state habeas petition and the state court applied a procedural bar when it dismissed his petition on the grounds that the petitioner should have raised it on direct appeal, not via a state habeas petition), *report and recommendation adopted*, No. 1:11-CV-00790, 2013 WL 209480 (S.D. Ohio Jan. 17, 2013)).

In addition, Petitioner objects to the magistrate judge's recommendation regarding his guilty plea.  *See* ECF No. 18 at PageID #: 939-40.  Out of the 11 grounds Petitioner raised in his federal habeas petition, only Ground One appears in his direct appeal, wherein he argued the trial court abused its discretion when it denied his motion to vacate his guilty plea.  *Brundage*, 2020 WL 927528, at *1-3; ECF No. 10-1 at PageID #: 303-306.  After the Ninth District affirmed the trial court's decision, Petitioner did not pursue any direct review from the Supreme Court of

(5:22CV2086)

Ohio when it was available.  By not presenting his claims to Ohio's highest court for review, any

grounds for relief that could have been raised in that appeal are procedurally defaulted.  *See*

*O'Sullivan*, 526 U.S. at 845 (a petitioner must present a claim to the state appellate court and the

state supreme court for discretionary review or it is procedurally defaulted); *Olmstead v. Phillips,*

No. 1:20CV1603, 2023 WL 4162542, at \*14 (N.D. Ohio May 31, 2023), *report and*

*recommendation adopted*, No. 1:20CV1603, 2023 WL 4157250 (N.D. Ohio June 23, 2023)

(Pearson, J.) (dismissing claims as procedurally defaulted when they were presented to the Court

of Appeals but not the Supreme Court of Ohio).

Finally, Petitioner argues that a fundamental miscarriage of justice will occur if his

default is not excused because he is actually innocent of the rape count and five counts of gross

sexual imposition for which he was convicted.  *See* ECF No. 18 at PageID #: 940-41; 944.  The

Court is unpersuaded by Plaintiff's arguments regarding the charges to which he pleaded guilty,

and Petitioner's objection is overruled.  The relevant evidence does not show that "no juror,

acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v.*

*Delo*, 513 U.S. 298, 329 (1995).  Moreover, the Court finds that Ground Eleven asserts a

freestanding actual-innocence claim, which is not itself a ground for federal habeas relief absent

an independent constitutional violation.  *See* ECF No. 16 at PageID #: 924 (citing *Herrera v.*

*Collins*, 506 U.S. 390, 400 (1993)); *see also* *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir.

2010) (a claim of actual innocence simply provides a gateway for raising otherwise barred

claims; a habeas petitioner in a noncapital habeas case cannot maintain a freestanding claim of

actual innocence).

10

(5:22CV2086)

While Petitioner argues his actual innocence of the sex offenses to which he pleaded guilty, he does not cite to any evidence that he was innocent of the dismissed charge of corrupting a juvenile with drugs, a felony of the fourth degree.  State Court Record Ex. 7 (ECF No. 10-1 at PageID #: 214).  This accusation in Count One of the Indictment is an equally serious charge to the fourth-degree felonies of gross sexual imposition in Counts Two and Ten to which he pleaded guilty.  The Court concurs with the magistrate judge that this alone bars excusing Petitioner's procedural default.  *See* ECF No. 16 at PageID #: 926 (citing *Witham v. United States*, 97 F.4th 1027, 1034 (6th Cir. 2024) (procedural defaults could not be excused without showing of actual innocence on dismissed, but equally serious, firearms charges)).

### IV.  Conclusion

The Court finds the Report and Recommendation (ECF No. 16) to be correct.  The Court finds that Petitioner's Objections (ECF No. 18) raise no arguments (factual or legal) that have not been fully addressed by the Report.  Therefore, Petitioner's Objections (ECF No. 18) are overruled and the Report and Recommendation (ECF No. 16) is adopted.  Scott Brundage's Petition for a Writ of Habeas Corpus is dismissed because all the grounds for relief are procedurally defaulted since he failed to present them to the state court as required.  He is not entitled to relief from his procedural default because he has failed to demonstrate cause for his default and he has not shown that a fundamental miscarriage of justice occurred with his convictions.  Petitioner's Motion for Leave/Authorization to File and Amend Habeas Petition to Add New Claim (ECF No. 19) is denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no

11

(5:22CV2086)

basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P.

22(b).


       IT IS SO ORDERED.


   March 17, 2026                             /s/ Benita Y. Pearson

Date                                         Benita Y. Pearson
United States District Judge